UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:08-293-KKC

RONNIE GIST,                                                                                            PLAINTIFF
v.

**MEMORANDUM OPINION AND ORDER**

PILOT TRAVEL CENTERS, LLC.,                                                         DEFENDANT

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Prosecution. (DE 75). Having been fully briefed, the matter is now ripe. For the reasons stated below, Defendant's Motion is DENIED.

### I. BACKGROUND

This case has proceeded slowly. In 2008, Plaintiff Ronnie Gist filed this putative class action on behalf of customers of Defendant Pilot Travel Centers, LLC. (DE 1). Plaintiff alleges that Defendant violated the Fair and Accurate Credit Transactions Act by printing and providing customers with receipts which included all of the digits of the customers' credit card numbers. The Court entered a scheduling order providing discovery deadlines and allowing Plaintiff until January 11, 2010, to apply for class certification. (DE 38). Discovery proved difficult. Specifically, Plaintiff sought more information regarding the identification of class members. As part of this effort, Plaintiff served FleetOne, LLC, with a subpoena in June of 2010. Defendant accepts credit cards issued by FleetOne, and so Plaintiff served FleetOne with a subpoena *duces tecum* to depose one of FleetOne's corporate representatives and to obtain documents relevant to class certification. FleetOne objected, however, and Plaintiff initiated enforcement proceedings

1

in the United States District Court for the Middle District of Tennessee. *See Gist v. Travel Pilot Centers, LLC*, No. 3:10-mc-00095 (M.D. Tenn, filed July 12, 2010). As the discovery dispute in Tennessee continued, this Court extended deadlines on multiple occasions in response to the parties' joint motions for extensions. (DE 51, 54, 56, 58, 60). The action before the Middle District of Tennessee, however, remained unresolved as of January of 2011. Therefore, this Court granted Plaintiff's motion to set aside deadlines for discovery and class certification, but also ordered Plaintiff to file a Motion to Establish Scheduling Order Deadlines within seven days of resolving the dispute with FleetOne. (DE 63).

On August 23, 2011, after Plaintiff had not filed a Motion to Establish Scheduling Order Deadlines, the Court issued a show cause order requiring Plaintiff to make a written status report showing cause as to why this matter should not be dismissed. (DE 64). Plaintiff responded by stating that to prove the elements necessary for class certification, Plaintiff issued a subpoena to FleetOne through the district court in Tennessee. (DE 65). FleetOne opposed the subpoena and moved to quash. Plaintiff explained that matter was under submission in Tennessee. Also in response to this Court's show cause order, Plaintiff moved for a status conference in Tennessee. (DE 65-1). In light of the show cause order, the district court in Tennessee withdrew the referral of the Plaintiff's motion to compel from a magistrate judge, and thereafter granted Plaintiff's motion on September 12, 2011. (DE 79-2, Opinion and Order, *Gist v. Travel Pilot Centers, LLC*, No. 3:10-mc-00095, 2011 WL 4055788 (M.D. Tenn Sept. 12, 2012)). Plaintiff finally received its requested documents from FleetOne in October of 2011. (DE 77-2, Bryan E. Comer Decl. ¶ 2). Plaintiff's efforts to depose a FleetOne representative took longer. Ultimately, Plaintiff agreed to accept the sworn declaration of Glen Sanginairo, FleetOne's Group Vice President of Credit and Risk Management, in lieu of a deposition. Plaintiff received that declaration on May

15, 2012. (*Id.* at ¶ 4). Plaintiff's counsel, however, failed to file a motion with this Court as ordered. Plaintiff's counsel asserts that this was an inadvertent error. (*Id.* at ¶ 3; DE 77, Plaintiff's Reply to Defendant's Response to the Court's Order for a Status Report, at 7). Following resolution of the discovery dispute, Plaintiff began preparing his motion for class certification. On August 9, 2012, Plaintiff's counsel "called the Court's chambers to (1) inquire of the status of Court's August 23, 2011 Show Cause Order, (2) request whether the Court needed any additional information from Plaintiff, (3) remind the Court that Plaintiff was continuing to prosecute this action, and (4) inform the Court that Plaintiff intended to move for class certification in the coming days." (DE 77 at 7). The Court entered an Order requiring Plaintiff to submit a written status report on or before August 22, 2012. (DE 67). Plaintiff filed his Status Report (DE 68) and his Motion for Class Certification (DE 69) on August 22, 2012. Thereafter, Defendant moved to dismiss for lack of prosecution.

## II. ANALYSIS

According to the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The sanction of dismissal "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dept.,* 529 F.3d 731, 736 (6th Cir.2008) *citing Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 362-63 (6th Cir. 1999). Nevertheless, "[t]he dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Wu v. T.W. Wang, Inc.,* 420 F.3d 641, 643 (6th Cir. 2005)(internal quotation marks and citation omitted). The Sixth Circuit has noted that "contumacious" is

3

defined as "perverse in resisting authority" and "stubbornly disobedient." *Schafer*, 529 F.3d at 737 (quoting *Webster's Third New International Dictionary* 497 (1986)). In short, the Sixth Circuit has been "reluctant to uphold the dismissal of a case ... merely to discipline an errant attorney because such a sanction deprives the client of his day in court." *Knoll,* 176 F.3d at 363.

When reviewing a district court's dismissal for failure to prosecute, the Sixth Circuit considers courts four factors:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id*. "Although typically none of the factors is outcome dispositive, ... a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* These factors have been applied "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal." *Harmon v. CSX Transp., Inc.* 110 F.3d 364, 367 (6th Cir. 1997).

The first factor is whether the Plaintiff's conduct is due to willfulness, bad faith, or fault. To support such a finding, the plaintiff's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Wu,* 420 F.3d at 643. Here, the primary delay in the prosecution of this case resulted from the protracted discovery dispute between Plaintiff and FleetOne in the Tennessee litigation. Although Plaintiff's counsel failed to file a motion for a new scheduling order following the resolution of the dispute, this error hardly suggests "an intent to thwart judicial proceedings" or a "reckless disregard for the effect of [his] conduct." Moreover, Plaintiff's counsel took reasonable steps to atone for the error by timely responding to this Court's show cause order (DE

64) and providing a written status report. (DE 67). The Sixth Circuit has distinguished an "attorney's failure to appear on the record on repeated occasions under circumstances not deemed acceptable to the court" from "mere dilatory conduct involving failure to file a specified document." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 592 (6th Cir. 2001)(quoting *Coston v. Detroit Edison Co.*, 789 F.2d 377, 379). Plaintiff's counsel conduct here falls into the latter category, and it does not rise to the level of willfulness, bad faith, or fault. Instead, the conduct is more like that of the attorney in *Vinci v. Consolidated Rail Corp.*, 927 F.2d 287 (6th Cir. 1987). In that case, the Sixth Circuit held that the district court abused its discretion by dismissing a complaint after a plaintiff's attorney had failed to submit a pre-trial statement by a certain date. *Vinci*, 927 F.2d at 287. The Sixth Circuit found the failure was, in part, due to the attorney's move to a new office, and noted that "[d]ismissal is usually inappropriate where the neglect is solely the fault of the attorney." *Id.* Considering the conduct at issue here, this first factor weighs against dismissal.

The second factor requires the court to consider whether Defendant suffered any prejudice as a result of Plaintiff's conduct. In this case, Defendant joined the motions for extensions of time as the discovery dispute dragged on. In these motions, the parties stipulated that "[n]either party will be prejudiced by the extension of the current Scheduling Order by 30 days[,]" and in each, Defendant made clear that it was cooperating with Plaintiff and the Court:

> In the event that the issues pertaining to the subpoena and deposition notice within this additional 30-day window are not resolved, Defendant will be agreeable to a further reasonable extension of this deadline if needed.

(DE 55, 57, and 59). Defendant argues that it is prejudiced because there is no potential for the claims against it to be resolved within a timely fashion. While Defendant is entitled to a timely resolution of Plaintiff's claims, Defendant has accepted and acknowledged the delays in this

case. Moreover, now that Plaintiff's Tennessee discovery dispute has been resolved, this case is back on track and moving toward resolution.

The third factor this Court must consider is whether Plaintiff had fair warning of possible dismissal. The Sixth Circuit has "frequently reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal." *Harris v. Callwood,* 844 F.2d 1254, 1256 (6th Cir. 1988). Plaintiff has not received sufficient notice here. In this case, the Court entered a show cause order (DE 64) requiring Plaintiff to make a written status report as to why the case should not be dismissed. Plaintiff complied with the order and filed a report. After receiving that report, the Court requested no further action from Plaintiff, and so the show cause order alone is insufficient to provide notice of a possible dismissal. *See Wu*, 420 F.3d at 644 (holding that a show cause order without further instruction from Court was insufficient notice). Therefore, this factor does not warrant dismissal.

The fourth and final factor is whether less drastic sanctions were imposed or considered. Under this factor, "the sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *Id*. While district courts are not unable to choose dismissal of a complaint as the first and only sanction, caution remains necessary. *Harmon*, 110 F.3d at 368-69. Here, the lack of evidence showing prejudice or bad faith counsels against dismissal. Considering these four factors, and the larger policy favoring the disposition of cases on their merits, the extreme sanction of dismissal is not appropriate here.

### III. CONCLUSION

For the above stated reasons, the Court will DENY Defendant's motion.

Accordingly, IT IS HEREBY ORDERED that:

(1) Defendant's Motion to Dismiss for Lack of Prosecution is DENIED; and

(2) Defendant SHALL respond on or before December 21, 2012, to Plaintiff's Motion for Class Certification, and after service of a response, Plaintiff shall have fourteen (14) days to file reply.

Dated this 30th day of November, 2012.

Signed By:
Karen K. Caldwell
United States District Judge